Delia Kemplin et als.
vs.
H. W. Golden & Sons, Inc.
No. 84749.

May 2, 1931.

BLODGETT, P. J. Heard upon demurrer to declaration.

Action, trespass on the case for negligence, brought by widow and beneficiaries of Cornelius J. Kemplin, deceased, to recover damages for the death.

Cornelius J. Kemplin was struck by an automobile as he was crossing Elmwood Avenue in the town of Warwick. Defendant corporation had stationed one of its trucks to carry its employees to the location of their work on the westerly side of said street, and the employees had been notified to meet said truck at this spot. The declaration states that deceased, following the direction of defendant, went to said location and, seeing the truck on the opposite side of the street, started to cross in ignorance of the dangerous condition of traffic at said location and using due care on his part, and while crossing and in the use of due care was struck by an automobile being driven upon said street and was killed by reason thereof.

The second count alleges that when deceased reached the point opposite the location of the truck of defendant he was directed by the agent of defendant in charge of said truck to cross the street.

The third count is practically the same.

It is alleged in each count that it became the duty of defendant, knowing the dangerous condition of traffic on said highway, to refrain from directing and ordering deceased to proceed across said highway unless the same were free from danger to said deceased.

Seven grounds of demurrer were filed by defendant.

1. That declaration discloses no cause of action.

2. That declaration fails to set forth that defendant provided an unsafe place in which to work.

3. That it affirmatively appears that defendant's alleged act was not the proximate cause of the alleged injuries.

4. That it affirmatively appears that the proximate cause of the injuries was the alleged act of the driver of the car which struck the deceased approaching on said highway at an excessive rate of speed.

5. That it appears from the declaration that deceased assumed the risk.

6. That it affirmatively appears that deceased was guilty of contributory negligence.

7. That deceased was guilty of contributory negligence by reason of the admission of the declaration that the defendant by use of due care should have known of the dangerous condition of said highway by reason of the approach of an automobile at an excessive rate of speed.

In *Beals* vs. *Alma Water Tube Co.*, 5 R. I., Dec. 57, Mr. Justice Tanner, in a petition for workman's compensation where petitioner was injured in crossing a street to his place of employment, held that such injury was not incurred in the course of his employment.

Likewise, in *Cohen* vs. *Brier Mfg. Co.*, 3 R. I., Dec. 53.

The question of a specific direction by an agent of defendant does not, however, enter into these cases.

In *Masterson* vs. *Namquit Woolen Mills*, 32 R. I. 6, in which plaintiff was injured while in the course of his work by stepping into a defect in the floor of the mill, and in which a verdict was directed for defendant and sustained, Mr. Justice Dubois on page 8 says:

"In order for plaintiff to recover in this action it is necessary for him to prove * * * that the negligence of the defendant was the proximate cause of the plaintiff's injury."

The above case was decided before the passage of the Workmen's Compensation Act.

In the present case, whether or not the alleged direction and order of an agent of defendant to deceased to cross the street was the proximate cause of

the injury and death is a question of fact for the jury, unless it plainly appears from the declaration itself.

One question raised by the demurrer is: "Was deceased at time of the alleged injury acting in the course of his regular employment?"

The declaration alleges a direct order on the part of an agent of defendant to cross at this particular spot, and for the purpose of a demurrer this fact is admitted.

The Beals case (supra) is more nearly in point. The petitioner in that case, a clerk in the employ of respondent, was injured while on her way to mail office letters, which was a part of her duty. Mr. Justice Tanner held the injuries were not received in the course of her employment. The only allegation of the present declaration which differs from the facts in the Beals case is that of a direction on the part of an agent of defendant to deceased to cross the street. The dangers of so crossing were as obvious to deceased as to defendant. The doctrine of assumed risk in an action of this nature can not be offered by defendant under the provisions of the act, but declaration does allege that deceased used due care in crossing the street. The injury was caused by the negligent act of a third person, as alleged by the declaration, and a person over whom the defendant had no control. It clearly appears to the Court that under the allegations of the declaration the negligent act of a third person was the proximate cause of the death of deceased. If, as alleged, the deceased was using due care in crossing, it was plainly the negligent act of a third person that caused the injury and death, and not the alleged negligent act of the defendant's agent in directing deceased to enter a dangerous place.

The demurrer of defendant is therefore sustained for the reasons set forth in the first, third and fourth grounds, and is overruled as to the second, fifth, sixth and seventh grounds.

A great number of decisions in cases involving the question as to when a workman is acting in the course of his employment when being transported to and from his work, or in going to or from his work, are noted in Vols. 2, 3, 4 and 7 of "Negligence and Compensation Cases Annotated."

Vol. 3, pages 271-273; Vol. 4 pages 112-114; Vol. 7, pages 404-434.

The great weight of authority points to a liberal construction of the words "due course of employment" in favor of the employee.

Not passing upon the question as to whether in present case the employee was acting in the course of his employment, the Court feels the questions raised by the demurrers should be finally settled before an expensive trial by a jury.

For plaintiff: McGovern & Slattery. For defendant: Henshaw, Lindemuth & Baker.